IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MOBILE ASSOCIATION FOR :
RETARDED CITIZENS, INC., :
 :
    Plaintiff, :
 :
vs. :
 : CIVIL ACTION 13-0394-CG
ARCH INSURANCE GROUP, INC., :
*et al.*, :
 :
    Defendants. :

## REPORT AND RECOMMENDATION

    The Motion to Remand filed by Plaintiff (Doc. 12) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332. After consideration, it is recommended that Plaintiff's Motion (Doc. 12) be granted and that this action be remanded to the Mobile County Circuit Court for all future proceedings.

    The facts are, briefly, as follows. Plaintiff Mobile Association for Retarded Citizens, Inc. (hereinafter *MARC*) is a non-profit corporation established to assist slow and mentally retarded children (Complaint, ¶ 1).[1] On March 10, 2011, MARC

---

[1] The Complaint can be found at document one as exhibit A-1.

purchased a commercial insurance plan from Defendants, Arch Insurance Group, Inc. and Arch Insurance Company (hereinafter, collectively, *Arch*)[2] (Complaint, ¶ 6). At about that same time, MARC also purchased an executive liability policy from Arch (*id.* at ¶ 7). During the period of time the insurance policies were in force, MARC hired non-Party Lakes Payroll, Inc. (hereinafter *Lakes*) to handle its payroll, "including the submission of payroll taxes to the IRS" (*id.* at ¶ 8). During this same period of time, Lakes' employee, non-Party Deborah DiFrancesco, embezzled funds from MARC (*id.* at ¶¶ 8-9). MARC submitted a claim to Arch for the stolen funds; Arch denied coverage (*id.* at ¶¶ 10-11). The IRS initiated action to collect the payroll taxes that had not been received because of the embezzlement; their actions included sending a letter, dated May 31, 2012, to MARC's executive director informing him that he may be personally liable for the unpaid taxes (*id.* at ¶ 12). Defendants were notified of the IRS's enforcement actions, but denied coverage, indemnity, and a duty to defend MARC against the IRS action (*id.* at ¶¶ 13-14).

On May 6, 2013, Plaintiff filed this action in the Mobile

---

[2]Plaintiffs refer to all Defendants collectively as *Arch* (Complaint, ¶ 5). Defendants assert, however, that it was Arch Insurance Company that issued the two insurance policies (Doc. 15, p. 1 n.1). Nevertheless, for purposes of this Motion, the Court will address both Defendants as Arch.

2

County Circuit Court against the Defendants, asserting claims of breach of contract (count one), negligence (count two), and negligent and/or wanton hiring, training, supervision and retention (count three) (Complaint).  On July 3, Plaintiff filed a Motion for Entry of Default Judgment in the amount of "$442,747.55, plus interest, costs and reasonable attorney's fees" (Doc. 1, Exhibit A-6, ¶ 4).  On July 9, Plaintiff filed a Motion to Withdraw the Motion for Entry of Default Judgment "to allow Defendants time to file the proper pleadings" (Doc. 1, Exhibit A-10); the Motion to Withdraw was granted that same date (Doc. 1, Exhibit A-11).  On August 1, Defendants removed the action to this Court, asserting diversity jurisdiction (Doc. 1).  On August 7, Plaintiffs filed a Motion to Remand (Doc. 12); Defendants filed a response (Doc. 15) to which Plaintiff filed a reply (Doc. 16).

In its removal petition, Defendants allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008).  In a removal action,

that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse. There is not even a dispute that the matter in controversy exceeds $75,000. The disagreement here, for purposes of this Motion, is whether this action was timely removed to this Court. Defendants assert that it was while Plaintiff argues otherwise.

Plaintiffs filed their Complaint on May 6, 2013 (Complaint). MARC has asserted that Defendants were served on May 9 and May 11, 2013 (Doc. 12, p. 2, ¶ 4); court documents verify these dates (Doc. 1, pp. 22, 25). This action was not removed to this Court until August 1, 2013, more than two months

4

after the Complaint was filed and after service was perfected (Doc. 1).

Federal statutory law, discussing the timing of removing actions, provides that

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
> (3) Except as provided in subsection (C), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

In this action, the Complaint specifically references the two insurance policies, along with policy numbers, from which Plaintiff sought recovery (Complaint, ¶¶ 6-7). The Complaint also asserts the IRS's action against Plaintiff's Director to recover unpaid payroll taxes (Complaint, ¶ 12). The Complaint seeks judgment "in such an amount of compensatory damages as a jury deems reasonable" (Complaint, ¶¶ 19, 24, and 27).

The Court finds that the face of the Complaint alone does not disclose the amount in controversy between the Parties of this action. Arch has argued that it would have been improper to remove the action within thirty days of the filing of the Complaint based on the language of the Complaint alone and that, ultimately, that is all that should be considered (Doc. 15). In removing this action when they did, Defendants argue that they only became aware of the value of the claims brought after MARC filed a Motion for Entry of Default in State Court (Doc. 1, ¶¶ 4-7; *see also* Doc. 1, Exhibit A-6).

In their Motion to Remand, however, Plaintiff asserts that the removal is untimely and should have been made earlier as Defendants had actual knowledge that MARC was seeking more than $75,000 in damages more than a year before the Complaint was even filed (Doc. 12). As evidence of their argument, MARC has provided to the Court a Proof of Loss statement submitted to

Defendants in August 2011, estimating "the loss to be around $325,000 to $350,000" (Doc. 12, Exhibit A). Other paperwork provided by Plaintiff demonstrates Arch's acknowledgement of the claims in August and September 2011 (Doc. 12, Exhibits B, C); the Court notes that pleadings submitted by Defendants in this Court confirm their knowledge of the Proof of Loss claims one year and eight months before this action was filed (Doc. 15, p. 6). Other correspondence submitted to Arch demonstrates that the IRS claims alone exceeded $75,000 (Doc. 12, Exhibits D, E, and F).[3] Arch's letter of July 13, 2012, stating that it had reviewed and investigated the submitted claims, further shows that Defendants had evidence before them that MARC was seeking damages exceeding $75,000 (Doc. 12, Exhibit G).

As support for its argument that the documents in Defendants' possession should be considered, Plaintiff quotes the following language from a decision out of the U.S. District Court of Michigan:

> **When the defendant should clearly ascertain from the circumstances and the original complaint that the case is removable, the defendant must remove, if at all, within 30 days of receipt of that**

---

[3] A notice from the IRS dated March 5, 2012 calculates the amount due as $85,796.51 (Doc. 12, Exhibit F, p. 5).

7

> **complaint.** Lee v. Altamil Corporation, 457 F.Supp. 979 (M.D.Fla.1978). The only time extension allowed by § 1446(b) is for cases where removability cannot be ascertained until the defendant receives subsequent information from the plaintiff. Some courts construe this to mean that the elements of removability must be specifically indicated in official papers before the statutory period begins to run. Jong v. General Motors Corporation, 359 F.Supp. 223 (N.D.Cal.1973); Bonnell v. Seaboard A. L. R. Co., 202 F.Supp. 53 (D.C.Fla.1962). These cases suggest a policy that does not require a defendant to speculate about jurisdictional elements on pain of losing his right to remove. However, in diversity cases that can best be handled in state court, **there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint.** To permit removal in this case would circumvent the purpose of § 1446(b) which is to limit the time for removal except where the defendant cannot be sure that the case is removable.

*Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (D.C. Mich. 1979) (emphasis added).[4]

Arch argues that this knowledge is irrelevant and should not be considered because the information provided in "pre-suit documents creates uncertainty and does not ensure than an action

---

[4] In *Mielke*, unlike here, "[t]he defendant's counsel admitted in court that it had known since before the filing of the suit that the claims under that insurance policy alone were well in excess of" the jurisdictional amount. *Mielke*, 472 F.Supp. at 853.

would have been removable" (Doc. 15, p. 5; *see generally* pp. 5-7). Defendants rely on *Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 4855800, *4 (M.D. Fla. 2009), which held that pre-suit documents did not trigger the thirty-day clock in 28 U.S.C. § 1446(b). The Court's reasoning was that "determining what a defendant knew or could have 'intelligently ascertained' about the amount in the controversy at a given point in time is inherently subjective and ambiguous" (*id.*, at *2).

The Court notes that the *Village Square* Court based its decision, at least in part, on a decision rendered by the Fifth Circuit Court of Appeals. In *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993), the Appellate Court, rejecting the decision in *Mielke*, held that

> it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know. **The rule announced in *Mielke*,** which Chapman proposes that we adopt, in contrast, would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result **would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence.** Moreover, the rule in *Mielke* would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in

9

> excess of $50,000 so as to be sure that they
> do not accidentally waive their right to
> have the case tried in a federal court. We
> believe the better policy is to focus the
> parties' and the court's attention on what
> the initial pleading sets forth, by adopting
> a bright line rule requiring the plaintiff,
> if he wishes the thirty-day time period to
> run from the defendant's receipt of the
> initial pleading, to place in the initial
> pleading a specific allegation that damages
> are in excess of the federal jurisdictional
> amount.

*Chapman*, 969 F.2d at 163 (emphasis added).

As is evident by these cases, and acknowledged in the *Village Square* decision, the authorities are split on whether pre-suit documents should be considered in determining whether or not an action was timely removed to federal court. *Village Square*, 2009 WL 4855800, *2. Plaintiff acknowledges as much in arguing for this Court's adoption of *Mielke* (Doc. 16, pp. 2-5).[5]

Nevertheless, the Court finds the reasoning of *Mielke* persuasive, especially in the circumstances presented here. Specifically, Plaintiff made claims, supplemented with

---

[5]The Court notes that Judge Hand, in a case before this Court, relied on *Mielke* in holding that "[a] defendant should not be allowed to delay removing when he knows the facts necessary for removal, as the purpose of the statute is to extend the time limit only when a defendant cannot ascertain removability." *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F.Supp. 683, 686 (S.D. Ala. 1985). The Court further notes, though, that the issue there did not concern the amount in controversy, but the use of fictitious parties.

information generated by third parties, under insurance policies with Defendants for amounts that obviously exceeded $75,000. When those claims were denied, MARC filed suit. Defendants did nothing for more than two months until after Plaintiff filed a Motion for Entry of Default Judgment at which time they removed this action.

In reaching this decision, the Court finds *Village Square* less persuasive. In that case, the amount sought by the plaintiff went up from the original amount in the proof of loss statement even though the defendant had made partial payment on the claim. This fact troubled the *Village Square* Court. *Village* Square, 2009 WL 4855800, at *2 n.7. In this action, there has been no payment by the Defendants at all. Arch has also argued, as was the case in *Village Square*, that an unknown portion of the claimed amount fell outside of the insurance coverage period, so the amount truly owed was likely less than what was sought by MARC (Doc. 15, p. 7); the Court notes that while Arch's argument may be a defense to a portion of the claimed loss, it does not lower the amount in controversy for purposes of this Motion. Defendants also point out that the Complaint acknowledges that another separate insurance company had made payment for this loss, so Arch could not know what was truly owed (Doc. 15, p. 7). Again, the Court finds that this does not change the fact that MARC was seeking in excess of

$75,000 from Arch.

The Court also notes the *Chapman* Court's concern that the holding in *Mielke* would cause courts to needlessly expend their resources trying to determine what Defendants knew and when they knew it. *Chapman*, 969 F.2d at 163. This concern is inapplicable here as MARC has demonstrated that Defendants had information readily available that would confirm MARC's valuation of its damages. Arch should not be allowed to ignore documents within its possession and claim ignorance in order to avail itself of this Court's jurisdiction.

Therefore, it is recommended that Plaintiff's Motion to Remand (Doc. 12) be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 18th day of September, 2013.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE