## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MOBILE ASSOCIATION FOR RETARDED CITIZENS, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 13-0394-CG |
| ARCH INSURANCE GROUP, INC., et al., ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 21). Also before the court is the Defendants Arch Insurance Group, Inc.'s and Arch Insurance Co.'s (collectively, "Arch") objection to the Report and Recommendation (Doc. 22) and the Plaintiff Mobile Association for Retarded Citizens, Inc.'s ("MARC") response (Doc. 25).

The Magistrate Judge summarized the factual background of the case in his Report and Recommendation and the court will not duplicate those efforts here. See Doc. 21 at 1-5. The Magistrate Judge recommended that MARC's motion to remand (Doc. 12) be granted. Specifically, the Magistrate Judge determined that removal was untimely because Arch failed to file a notice of removal within thirty days of the date the initial pleading was filed. See 28 U.S.C. § 1446(b).

After due and proper consideration of all portions of this file deemed

relevant to the issue raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion.

## DISCUSSION

Arch argues that they were unaware that the case was removable until they received MARC's motion for entry of default judgment, which revealed that the amount of damages claimed by MARC exceeded the federal jurisdictional threshold of $75,000 for diversity cases. Section1446(b) describes the time limit for removal:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> ....
> (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

See 28 U.S.C. § 1446(b). As reflected in the Report and Recommendation, authorities are split on the issue of whether a pre-suit document can serve as

notice of a claim's value so as to trigger the thirty-day period set forth in 28 U.S.C. § 1446(b), with the Eleventh Circuit having not yet addressed the issue.

The weight of authority, including all Circuit Courts of Appeal to rule on the matter, applies the bright line rule set forth in <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160 (5th Cir. 1992). <u>See</u> <u>Lovern v. General Motors Corp.</u>, 121 F.3d 160 (4th Cir. 1997); <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689 (9th Cir. 2005); <u>Foster v. Mutual Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48 (3rd Cir. 1993). In <u>Chapman</u>, the court adopted a rule that pre-suit documents received by the defendant do not trigger the running of the thirty-day removal period, concluding that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." <u>Chapman</u>, 969 F.2d. at 163. Rather, the thirty-day removal period "starts to run from the receipt of the initial pleading only when the initial pleading affirmatively reveals on its face that the plaintiff is seeking the jurisdictional amount." <u>Id.</u> at 160. District Courts have also warned, however, against converting the <u>Chapman</u> rule into a "head in the sand" rule. <u>Evett v. Consolidated Freightways Corp.</u>, 110 F.Supp.2d 510, 513 (E.D. Texas 2000) (finding that the <u>Chapman</u> rule does not mandate "rigid adherence to some kind of formalistic pleading requirement," but "merely requires that a state court complaint be sufficiently definite on its face to enable defendants to ascertain removability

without reliance on speculation or conjecture"). <u>See</u> <u>Wise v. Bayer</u>, 281 F.Supp.2d 878, 885 (W.D. La. 2003) (citing <u>Century Assets Corporation v. Solow</u>, 88 F.Supp.2d 659, 662-663 (E.D. Tex. 2000); <u>Oracle Oil, LLC v. Liberty Mut. Ins. Co.</u>, 2010 WL 5575758, * 4 (M.D. La. Nov. 22, 2010); <u>Schild v. Tymco, Inc.</u> 842 F.Supp. 225, 226 (M.D. La. 1994).

The Magistrate Judge declined to adopt the majority view instead relying to a large extent upon the case of <u>Miekle v. Allstate Ins. Co.</u>, 472 F.Supp. 851 (D.C. Mich. 1979), which held that the thirty-day removal period begins to run from the receipt of the complaint when pre-litigation documents put the defendant on notice that the claim meets the jurisdictional amount. <u>Id.</u> at 853. Applying this standard, the Magistrate Judge found that the thirty-day removal period began running from Arch's receipt of the complaint because a Proof of Loss statement and correspondence regarding the IRS claims, which were submitted to Arch approximately one to two years before the complaint was filed, notified Arch that MARC was seeking damages well in excess of $75,000. <u>See</u> Doc. 21 at 11.

Arch argues that the Magistrate Judge's reliance on the holding of <u>Miekle</u> was misplaced. However, even assuming for the purpose of the argument that Arch is correct, removal would still be proper under the "head in the sand" interpretation of the <u>Chapman</u> test. <u>Wise,</u> 281 F.Supp.2d at 885 (refusing to convert the <u>Chapman</u> "bright line rule into a "head in the sand" rule and holding that removal was untimely when the defendants knew that

the potential value of the case exceed the jurisdictional minimum at the time the initial pleading was filed).

Although Arch asserts that the grounds for removal were ambiguous, the record reflects otherwise. MARC filed the complaint against Arch asserting claims for breach of contract, negligence, and negligent and/or wanton hiring, training, supervision and retention. See Doc. 1-1. The complaint explicitly referenced the two insurance policies as well as the policy numbers from which MARC sought recovery and the IRS' suit against MARC's director for recovery of unpaid payroll taxes. Id. The complaint also sought judgment "in such an amount of compensatory damages as a jury deems reasonable." Id. These allegations are sufficient to alert Arch that the amount in controversy is satisfied in this matter. Id.

The "head in the sand" theory is also supported by the fact that unlike the cases relied upon by Arch, Arch showed no interest in ascertaining the specific amount of damages sought. See Chapman, 968 F.2d. at 161 (removing the case after the plaintiff responded to interrogatories that he sought over $800,000 in damages); Lovern, 121 F.3d at 160 (removing the case after receipt of answers to interrogatories demonstrating diverse citizenship); Harris, 425 F.3d at 692 (removing the case after inquiring whether the plaintiff intended to pursue service against a non-diverse defendant); Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire. Ins. Co., 2009 WL 4855700, * 1 (M.D. Fla. Dec. 10, 2009) (removing the

case after receiving the plaintiff's interrogatory answers stating the specific amount of damages sought). Arch "did nothing for more than two months until after MARC filed a Motion for Entry of Default at which time they removed this action." (Doc. 21 at 11). As explained by the Magistrate Judge, Arch should not be allowed "to ignore documents within its possession and claim ignorance in order to avail itself of this Court's jurisdiction." (Doc. 21 at 12).

Consequently, the court finds Arch's removal of the case untimely when applying the Miekle rule or Chapman rule.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's report and recommendation (Doc. 21) is **ADOPTED** with the additional discussion provided supra, and finds Arch's removal of the case time-barred. It is **ORDERED** that MARC's motion to remand (Doc. 12) be **GRANTED.**

**DONE and ORDERED** this 22nd day of November, 2013 .

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE